# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:06-CR-0002-RLH-GWF |
| Plaintiff, ) | 2:05-CR-0100-RLH-LRL |
| vs. ) | **O R D E R** |
| NELSON OSEMWENGIE, ) | (Motion for Release–#124) |
| Defendant. ) | |

Before the Court is Defendant Nelson Osemwengie's **Motion for Order of Release From Detention Pending Sentencing** (#124, filed September 11, 2006). The Government's Response (#176), in opposition, was filed September 24, 2006. No reply has been filed.

The Court does not find that a hearing on the Defendant's release is required. The Court further finds that the Defendant has not met his burden to justify his release pending his sentencing.

Title 18, U.S.C. § 3143(a) governs the release or detention of defendants who have been found, or who have pleaded, guilty and are awaiting the imposition of a sentence of imprisonment. It reads, in pertinent part, as follows:

> [T]he judicial officer **shall order** a person who has been found guilty of an offense and who is awaiting the imposition . . . of a sentence, . . . **be detained**, unless the judicial officer finds by **clear and convincing evidence** that the person is not likely to flee or pose a danger to the safety of any person or the community if released. . . . .

. . . .

1

Defendant argues that he is awaiting sentencing for nonviolent crimes and that he poses no *physical* threat to the safety of the community and attempts to argue against a finding of economic danger to the community by citing cases dealing with *pre-trial release*. We are past that period in this case. The Defendant has pleaded guilty.

Defendant argues that the reason for the revocation of his pre-trial release really did not justify the revocation, as he was not present when some of the actions of the conspiracy took place. He also argues that he had reduced his role in the conspiracy when most of the fraud took place, that he has other legitimate business ventures, which is shown by certain deposits of money into and out of his bank account. The purpose of this presentation is apparently to convince the Court that he does not have to resort to criminal activities to provide a living and to suggest that some of the banking activities in his account may have been from legitimate sources.

Defendant also proffers his parents' agreement that they will act as third-party custodians and have him reside with them, if released.

The availability of his parents to assure limitations on his criminal activities, and the movement of substantial amounts of money through his bank account are not actually "new" information. However, even considering these claims, the Court finds little comfort in Defendant's arguments.

On July 13, 2005, Defendant was released under Pretrial Services supervision on terms of home confinement and electronic monitoring. Within two weeks, he had violated the conditions of his release, which included conditions that he not possess controlled substances or associate with others using or possessing controlled substances. A urine test on July 27, 2005, was suspicious. The Defendant at first denied any wrongdoing and claimed he had drunk a lot of GatorAid. When the urine tested positive for marijuana he admitted he had been smoking it.

He was again indicted in January 2006 in an eighty-one-count indictment charging conspiracy, identify theft, bank fraud, and make, utter, pass counterfeit securities. The indictment charged that the conspiracy spanned the period of December 2005 to September 2005. Overt acts

in furtherance of the conspiracy were committed after the Defendant's release on July 13, 2005.

At the hearing to revoke Defendant's pre-trial release, the Magistrate Judge found that on July 21, 2005, Defendant deposited into his bank account $9,000 of proceeds which were from a co-conspirator's illegally cashing $19,500 worth of counterfeit Bank of America checks on July 19, 2005. Furthermore, the present claims about the source of money in his bank accounts are not substantiated and the Government offers to present evidence of other crimes involving the transfer and use of large amounts of money which they are elected or agreed not to pursue in return for the plea of guilty in these two cases.

Finally, this Defendant's co-defendant and brother, Kingsley Osemwengie, continued to engage in criminal enterprises while he was living with their parents under their third-party custodianship. Not once did the parents ever report to the Court or Pretrial Services the violations of Kingsley's violations of his release conditions. Whether they knew of and elected not to disclose the activities, or they were unaware of the activities is of little difference in the Court's determination of whether their offer of their residence and third-party custody of this Defendant offers any protection against further criminal activities or an economic danger to the community.

Once a defendant has pleaded or been found guilty of a crime, the Court may consider whether the defendant poses an economic danger to the community in determining whether defendant should be released pending sentencing. *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992).

In sum, the Defendant has previously had his *pre-trial* release revoked. He now has pleaded guilty to serious felonies and the burden had shifted to him to prove, by clear and convincing evidence that he is not a flight risk or a danger to the community. He has failed to meet that burden or to convince the Court that he should be released pending his sentencing.

. . . .

. . . .

IT IS THEREFORE ORDERED that Defendant Nelson Osemwengie's **Motion for Order of Release From Detention Pending Sentencing** (#124) is DENIED.

Dated: October 13, 2006.

_____
**ROGER L. HUNT**
**United States District Judge**